UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DEBORAH E. STANDARD MAERKEL,
    *Plaintiff*,

v.

KILOLO KIJAKAZI,
Acting Commissioner of the Social Security
Administration,
    *Defendant*.

No. 3:21-cv-897 (JAM)

**ORDER DENYING MOTION TO REINSTATE
AND GRANTING MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1406(a)**

    Plaintiff Deborah Standard Maerkel has filed this action seeking judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). Because the Commissioner's decision denying benefits issued following a prior remand order that I entered, Maerkel has moved to reinstate her case to the Court's docket.[1] The Commissioner in turn has moved to transfer this action to the District of South Carolina where Maerkel now resides.[2] I will deny Maerkel's motion to reinstate and grant the Commissioner's motion to transfer.

**BACKGROUND**

    This is not the first time that Maerkel has been before me. In 2017, Maerkel lived in Connecticut when she sought review of the Commissioner's denial of benefits, and I granted Maerkel's motion for judgment on the pleadings, denied the Commissioner's cross-motion to affirm, and remanded Maerkel's case to the Commissioner for further proceedings.[3]

---

[1] Doc. #2. The Clerk of Court shall amend the case caption pursuant to Fed. R. Civ. P. 25(d) to reflect the name of the current Commissioner of the Social Security Administration.
[2] Doc. #9.
[3] 3:17-cv-00170-JAM, Doc. #28; *Maerkel v. Comm'r of Soc. Sec.*, 2018 U.S. Dist. LEXIS 65852 (D. Conn. 2018).

1

Upon remand, an administrative law judge has once again denied benefits.[4] Maerkel has filed this new action in the District of Connecticut, and she asks me to reinstate her previous claim to the docket or, in the alternative, to assume jurisdiction of her new complaint.[5] The Commissioner in turn moves pursuant to 28 U.S.C. § 1406(a) to transfer this action to the District of South Carolina where Maerkel now resides.[6]

## DISCUSSION

I will first address Maerkel's motion to reinstate her claim to the docket. Under the Social Security Act, a district court may remand a matter to the Commissioner in one of two ways. First, a court may, on motion of the Commissioner and pursuant to sentence six of 42 U.S.C § 405(g), "remand the case to the Commissioner of Social Security for further action[.]" 42 U.S.C. § 405(g). The district court in such cases retains jurisdiction over the matter, including the power to order that the Commissioner take additional evidence. *Ibid.*; *see also Shalala v. Schaefer*, 509 U.S. 292, 296–97 (1993).

Second, a court may remand to the agency pursuant to sentence four of § 405(g), in which case the court "enter[s] . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In a case of the latter variety, the court's final judgment puts an end to its exercise of judicial review, and the court retains no jurisdiction over the matter. *See Schaefer*, 509 U.S. at 299–300.

Here, when I remanded Maerkel's case to the Commissioner in 2018, I did so pursuant to sentence four of § 405(g) with a remand order accompanied by entry of final judgment.[7] I did not

---

[4] Doc. #2 at 1.
[5] Doc. #2.
[6] Doc. #9.
[7] 3:17-cv-00170-JAM, Doc. #29.

retain continuing jurisdiction over Maerkel's claims and therefore do not have authority simply to "reinstate" Maerkel's prior claim to the docket.

That being the case, I will construe Maerkel's most recent action as a new action, and I will consider the Commissioner's motion to transfer. The Social Security Act allows a plaintiff to seek judicial review of a final decision of the Commissioner of Social Security "in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business." 42 U.S.C. § 405(g); *see also Weinberger v. Salfi*, 422 U.S. 749, 763–64 (1975). When a plaintiff files a case in the wrong district that a statute does not allow, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Maerkel resided in South Carolina when she filed this action. Although Maerkel and her counsel argue that it would be more convenient to litigate this complaint here in the District of Connecticut where she has previously litigated her claim, the controlling consideration is the statutory language that requires the filing of this action in the district where the plaintiff resides. For this reason, other courts have declined to entertain Social Security complaints that have been filed by claimants in a district where they no longer reside, notwithstanding the claimants' arguments that these courts should retain jurisdiction because of their familiarity with the claimants' prior litigation; instead, these courts have transferred the actions pursuant to 28 U.S.C. § 1406(a) to the district where the claimant resided at the time of filing. *See Latimer v. Soc. Sec. Admin.*, 2021 WL 641382, at *1 (W.D.N.C. 2021); *Collins v. Colvin*, 2013 WL 6410706, at *1 (M.D.N.C. 2013).

I conclude for the same reasons that I may not exercise jurisdiction over Maerkel's complaint. I further conclude pursuant to 28 U.S.C. § 1406(a) that the interests of justice warrant transfer of this action to the District of South Carolina rather than dismissal for improper venue.

## CONCLUSION

The Court DENIES Maerkel's motion to reinstate her claim to the docket (Doc. #2). The Court GRANTS the Commissioner's motion to transfer (Doc. #9). The Clerk of the Court shall TRANSFER this action to the United States District Court for the District of South Carolina.

It is so ordered.

Dated at New Haven this 18th day of January 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge